IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD WILLIAM NEICE                                                                    PLAINTIFF

v.                               Civil No. 2:24-CV-02014-SOH-MEF

STATE OF ARKANSAS, *et. al.*                                                         DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey three Court Orders and failure to prosecute this case.

### I.     BACKGROUND

Plaintiff filed his Complaint and a Motion to Proceed *in forma pauperis* ("IFP") on January 24, 2024. (ECF Nos. 1, 2). That same day, the Court entered an Order directing him to correct deficiencies in both his Complaint and IFP application. (ECF No. 3). As to the IFP application, Plaintiff was directed to have the certificate of inmate accounts filled out and signed by an authorized officer of the Crawford County Detention Center. (*Id*.). Plaintiff submitted an IFP application on February 7, 2024. (ECF No. 6). The certificate of inmate account was left completely blank. (*Id*. at 8). Subsequently, the Court entered two more Orders directing Plaintiff to submit a completed IFP application or pay the filing fee. (ECF Nos. 7, 11). Plaintiff submitted two more incomplete IFP applications. (ECF Nos. 9, 12). In his most recent application, Plaintiff indicated he had sources of income other than pay or wages, but he failed to describe the source and amount of that income as instructed on the form. (ECF No. 12 at 1). He also filled in the

1

certificate of account information himself rather than having it done by an authorized officer, and the application was not signed by an authorized officer. (*Id.* at 3). Thus, Plaintiff has had four opportunities to submit a completed IFP application or pay the filing fee, and he has failed to do so each time.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to comply with three Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2),

Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's Second Amended Complaint (ECF No. 10) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of March 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE